UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA

v.

ARCANGEL PRETEL ORTIZ, et al.,

    Defendants.
_____/

**UNITED STATES' RESPONSE TO MARCH 13, 2025 ORDER
AND FIFTEENTH RESPONSE TO THE STANDING DISCOVERY ORDER**

This Court ordered the United States to "explain[] why the recent discovery production was not made in a timely fashion, and why the Government had not previously advised the Court that this discovery was still outstanding" (DE 981). This filing both responds to the Court's order and serves as the Government's fifteenth response to the Standing Discovery Order (DE 596, 606, 607, 614, 619).

The United States undertook its recent productions—Productions 18-19 and 21—in a good-faith effort to comply with its ongoing duties under the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360 U.S. 264 (1959), and the Court's November 12, 2024 Order (DE 923). The overwhelming majority of the items in Productions 18-19 and 21 consist of previously produced materials (DE 41, 52, 78, 92, 173, 174, 324, 326, 327, 425, 591, 667, 777, and 812) and, as discussed further below, were recently produced as the Government continues to prepare its trial exhibits. The new material in Productions 18-19 and 21 amounts to 614 pages.

**DISCUSSION**

On February 6, 2025, the Government provided Productions 18 and 19 (Bates No. USA000420963 to USA000471033) to the CDA via USAFx. The Government shared a discovery log with the Defendants describing this material. In sum, this material consists of:

| Bates Range | Description |
|---|---|
| USA000420963 – USA000420967 | Rodolphe Jaar documents |
| USA000423653 – USA000423909 | Frederick Bergmann documents |
| USA000424152 – USA000438868 | Cell phone data excerpts from:<br>• Phone ending in -0040<br>• Phone ending in -1829<br>• Phone ending in -3725 |
| USA000438669 – USA000438695 | HSI reports of interviews |
| USA000438696 – USA000471033 | Cell phone data excerpts from:<br>• Phone ending in -0040<br>• Phone ending in -1829<br>• Phone ending in -3725 |

On March 7, 2025, the Government provided Production 21 (Bates No. USA000518425 to USA000518749) to the CDA via USAFx. The Government also shared a discovery log with the Defendants describing this material. In sum, it consists of:

| Bates Range | Description |
|---|---|
| USA000518425 – USA000518426 | U.S. Department of State Certification |
| USA000518427 – USA000518433 | FBI documents |
| USA000518434 – USA000518578 | Verizon grand jury subpoena return |
| USA000518579 – USA000518749 | J.C. Rule 15 deposition transcript (previously produced informally via email on January 23, 2025) |

New Discovery Items - Productions 18-19 and 21

Regarding the Government's timing in providing the 614 pages of new material in Productions 18-19 and 21: to the extent it is *Brady* and/or *Giglio* material, it was provided in accordance with the Government's ongoing discovery obligations cited above; and to the extent it falls under the *Jencks* Act, it was disclosed prior to the Court's June 2, 2025, deadline (DE 923:2).

1. The Rodolphe Jaar and Frederick Bergmann documents (Production 18-19) are 262 pages. They concern two co-defendants—and potential witnesses—in this case and include documents collected during trial preparation meetings.
2. The HSI interview reports (Production 18-19) are 27 pages. They summarize interviews that occurred between February and September 2024.
3. The U.S. Department of State certification (Production 21) is two pages. It was signed on January 14, 2025, describes the search results for State Department business records for certain individuals, and was prepared as the Government continues to draft its tentative witness list. *See* Fed. R. Evid. 803(7) and 902(11).
4. The FBI documents (Production 21) are seven pages. They pertain to a single Defendant in this case and only recently became available for production.
5. The Verizon grand jury subpoena return (Production 21) is 145 pages. They are phone records for a third-party individual and were requested in August 2024 and received in November 2024.
6. J.C.'s Rule 15 deposition (Production 21) is 171 pages. This is a translated transcript of a November 2024 deposition, which occurred at the Defendants' request. An informal copy of the transcript was produced to all Defendants via email on January 23, 2025.

The Government acknowledges its failure in not previously advising the Court that this new discovery was still outstanding (DE 981). To the extent that any new items warrant discovery production, the Government will promptly advise both the Court and the Defendants as to its contents and the basis for disclosure.

Remaining Discovery Items - Productions 18-19

The remaining items in Production 18-19 are not new. As set forth above, these items are individualized data excerpts from forensic searches for three different cell phones. The entire forensic search results for these three phones, including for all the other seized phones in this case, were previously produced to the Defendants between April-July 2023 (DE 627:4). The Government acknowledges that this non-new discovery—duplicative cell phone data items—was voluminous and largely unnecessary. However, the Government merely re-provided these items—in a different format—as it prepares its trial exhibits and in hopes of assisting the Defendants in their trial preparations. The Government believed that all parties were aware of the possibility of additional productions consisting of phone excerpts because, as noted in a March 2024 filing, the

Government anticipated that "any additional productions moving forward will consist of: (1) additional Jencks and Giglio material; (2) excerpts of previously produced digital devices; (3) and any newly obtained evidence—a category which the government expects to remain small" (DE 627:6).[1] Further, the Government has previously made re-productions of cell phone data similar to the materials at issue here, which re-productions were, in part, the subject of the Defendants' September 30, 2024 Joint Motion to Continue (DE 844) and the Government's Response (DE 858:1-3). Finally, by marking two of the re-production entries on the shared discovery log as "Complete chats w/ attachments from phones previously produced," the Government informed the Defendants that these items were not new, had already been provided during April-July 2023, and may well be used as Government trial exhibits.[2]

Going forward, and to avoid any confusion or unnecessary work for the Defendants, the CDA, or the Court, the Government will cease production of such duplicative items in discovery, unless specifically directed by the Court.

<u>Ongoing Trial Preparation</u>

The Government continues to diligently prepare for trial as scheduled: September 2, 2025 (DE 923). Per the Court's recent order (DE 981), the Government will provide its draft Fed. R. Evid. 1006 summary exhibit to the Defendants—which is the product of voluminous, already-provided phone toll and subscriber records and forensic search results for numerous seized cellular

---

[1] "[T]o further facilitate discovery review, the government has excerpted and reproduced significant portions of the cellular devices and the coordinated discovery attorney has prepared pdf reports of all these devices . . . . These excerpts and reports contain the full content, including texts, images, and videos, that are contained in the full devices, but in a format that obviates the need to open the devices themselves, thereby making the material easily accessible" (DE 858:2-3).

[2] The Government inadvertently omitted this description from a third set of chats, but the same holds true for them as well.

telephones in this case, including contacts, call logs, photos, videos, voice messages, emails, text and chat messages, and other items—with draft English language translations, by March 26, 2025.

Lastly, the Government expects to provide the Defendants with a draft witness list and draft exhibit list during April 2025, with final versions provided in accordance with the Court's prior order (DE 923). The Government will also provide the Defendants with draft trial exhibits as early as possible, with final, marked versions provided consistent with the Court's prior order (*id.*).

Respectfully submitted,

HAYDEN P. O'BYRNE
United States Attorney

By:   /s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 NE 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

/s *Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

SUE J. BAI
Supervisory Official for the National Security Division

/s *Andrew Briggs*
Trial Attorney
Court ID No. A5503251

National Security Division  
Department of Justice  
950 Pennsylvania Avenue  
Washington, DC 20530  
(202) 514-7739  
Andrew.Briggs2@usdoj.gov

**Certificate of Service**

I hereby certify that on March 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney