UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 22-20104-CR-BECERRA(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

ARCANGEL PRETEL ORTIZ, *et al.*,

    Defendants.
_____/

## DEFENDANTS' JOINT RESPONSE TO THE GOVERNMENT'S MOTION FOR A DEPOSITION PURSUANT TO RULE 15

Mr. Arcangel Pretel Ortiz, Mr. Antonio Intriago, Mr. Walter Veintemilla, Mr. James Solages and Dr. Christian Sanon (collectively the "Defendants"), through undersigned counsel, respond to the government's motion to conduct a deposition pursuant to Federal Rule of Criminal Procedure 15, DE 1382, and in support state:

The government has moved the Court for leave to conduct a deposition to preserve the testimony of Jean Roger Noelcius for trial pursuant to Federal Rule of Criminal Procedure 15(a)(1). Four of the five defendants did not oppose the relief requested by the government regarding preserving Mr. Noelcius's testimony. The government did not obtain the position of counsel for James Solages, however, Mr. Solages also does not oppose the deposition of Mr. Noelcius. While the Defendants do not oppose the government's efforts to preserve Mr. Noelcius's testimony in light of the hardship it would present for him to travel to the United States, the government's motion does raise issues that the Court should address in deciding the merits of the government's motion.

1

The government's motion argues that given Mr. Noelcius's difficulty in traveling to the United States to provide testimony at trial, it is necessary to conduct a deposition to preserve his testimony due to the vitality of his testimony to the government's case. The government anticipates that Mr. Noelcius will testify, *inter alia*, that:

> • Colombian mercenaries and U.S. citizens, such as Solages and co-defendant Joseph Vincent, could never lawfully execute any Haitian arrest warrant;
> • The Haitian Constitution bars execution of search warrants between 6 p.m. and 6 a.m.

DE 1382:10.

That expected testimony presents two distinct problems: (1) improper expert testimony and (2) irrelevant testimony.

First, as this Court previously established and adjudicated in resolving the government's Motion to Preclude Unnoticed and Undisclosed Defense Expert Evidence, counsel for Mr. Veintemilla requested that the government provide notice of expert testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). DE 1338. The government has not done so regarding any potential testimony of Mr. Noelcius. It is beyond peradventure that Mr. Noelcius's testimony regarding Haitian law is expert testimony. *See Julmist v. Prime Ins. Co.*, 92 F.4th 1008, 1022 n. 9 (11th Cir. 2024). The government's failure to comply with the dictates of Rule 16 requires that such testimony be excluded with respect to Mr. Veintemilla.

More broadly, Mr. Noelcius's testimony should be excluded as irrelevant as to the Defendants. Whether Haitian law prohibits non-Haitian nationals from serving arrest warrants or whether the Haitian Constitution prohibits the serving of an arrest warrant from 6 p.m. to 6 a.m. is utterly irrelevant if the government cannot demonstrate that the Defendants had any knowledge of such legal niceties. *Cf. Rehaif v. United States*, 588 U.S. 225, 232 (2019) ("Without knowledge of that [unlawful] status, the defendant may well lack the intent needed to make his

behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach."); *Morissette v. United States*, 342 U.S. 246, 250 (1952) ("The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.").

WHEREFORE, the Defendants request that the Court grant the government's motion to conduct a Rule 15 deposition of Mr. Noelcius but order that the government not elicit impermissible expert and irrelevant testimony.

Respectfully submitted,

| **David A. Howard, P.A.** | **do Campo & Thornton, P.A.** |
|---|---|
| The Ingraham Building | Chase Bank Building |
| 25 S.E. 2nd Avenue, Ste. 1100 | 150 S.E. 2nd Avenue, Ste. 602 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Telephone: (786) 360-6056 | Telephone: (305) 358-6600 |
| Facsimile: (305) 536-2170 | Facsimile: (305) 358-6601 |

By: s/ *David A. Howard*
    David A. Howard
    Florida Bar No. 956589
    david@davidhowardlaw.com

By: s/ *Orlando do Campo*
    Orlando do Campo
    Florida Bar No. 0156582
    od@dandtlaw.com

By: s/ *Daniela Jaramillo*
    Daniela Jaramillo
    Florida Bar No. 1002266

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    s/ *Orlando do Campo*
    Orlando do Campo